Lauriat, Peter M., J.
In the ten short months since this employment discrimination case was filed, the parties have engaged in sufficient discovery efforts and disputes to have generated, and apparently necessitated, the filing of 21 discovery-related motions, oppositions, affidavits and other papers (Papers No. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27 and 28), which present a mound of paper some 6" in height. They have so strenuously engaged each other in tactical discovery combat that they have jointly had to request that the court extend the discovery deadline — presumably to allow further jousting among the lawyer-combatants, since the joint motion declares, in part, that the parties have noticed and/or intend to schedule more than 24 depositions.
This conduct persists despite the court’s warnings, in May and June of 2007, that the extraordinary number and scope of document production requests were “unacceptable,” and unreasonable and unduly burdensome “in the view of any disinterested observer.” (Order on Papers No. 10 and 12) This legal version of “extreme games” has got to stop.
*272 I.PENDING DISCOVERY MOTIONS
In the order of their appearance, the court addresses and determines the following, pending discovery-related motions:
1. Plaintiff Minewa Butler’s Motion to Compel Responses to Requests for Admission (Paper No. 13). This motion is DENIED. The plaintiffs 248 requests for admission are unreasonable in scope and number on their face.
2. Defendant’s Motion for an Order Compelling Plaintiff to Submit to a Mental Examination (Paper No. 16). On the basis of the plaintiffs allegations and deposition testimony with respect to the nature, scope and extent of her emotional distress and its claimed causal relationship to the defendants’ conduct, this motion is ALLOWED.
3. Motion of Edward Bouse for Entry of Protective Order and to Quash Subpoena Duces Tecum (Paper No. 18). This motion is ALLOWED, without prejudice to reconsideration after the completion of all other aspects of Bousa’s and Putnam’s depositions and a specific showing of the relevance and materiality of each category of document request and deposition topic demanded by the plaintiff to which the defendants have objected.
4. Plaintiff Minerva Butler’s Motion to Compel Documents Responsive to Plaintiff's Second Request for Production of Documents (Paper No. 20). This motion is DENIED without prejudice to service of a narrower and more precisely tailored set of document requests. The court further notes that the parties’ papers filed with respect to this motion evidence their failure to take full advantage of the letter or even the spirit of Superior Court Rule 9C.
5. Plaintiff Minerva Butler’s Motion to Compel Production of Documents Responsive to Subpoena Duces Tecum (Paper No. 22). This motion is DENIED, as the categories of documents requested are overbroad, and without reasonable and relevant time limitations.
6. Plaintiff Minerva Butler's Motion for a Protective Order (Paper No. 24), and Defendants’ Cross Motion (1) to Compel Plaintiff’s Deposition, (2) to Videotape Plaintiff’s Deposition, and (3) to Stay Further Depositions by Plaintiff Until the Conclusion of Plaintiff’s Deposition (Paper No. 25). These motions are DENIED IN PART and ALLOWED IN PART. Defendants shall resume and complete the plaintiffs deposition within 30 days of the entry of this Order. Plaintiff‘s counsel may reserve the right to examine the plaintiff by deposition until after he has completed substantially all of those depositions of the defendants and any non-party witnesses which have been agreed-to by the parties or authorized by the court.
Each party is to serve the other parties, at least 5 business days prior to any party’s deposition, with photocopies of each document as to which the deposing party intends to show or question the deponent.
If counsel or the deponent in any deposition engage in lengthy, speaking objections, give instructions not to answer questions that are not supported or authorized by Mass.R.Civ.P. 30(c), make irrelevant or unresponsive statements, or engage in behavior or conduct which hampers or obstructs the efficient taking of the deposition, then any other party may move the court for an appropriate order for sanctions. Any financial sanctions that may be imposed by the court will be imposed upon, and must be paid personally by the deponent or attorney that the court determines has engaged in conduct contrary to this order.
The court will not, as of the present moment, require or authorize the videotaping of the plaintiffs deposition.
II. DISCOVERY MASTER
Lastly, if the parties continue to be unable to resolve, among themselves, these discovery issues, the court will appoint a Discovery Master to whom all future arguments, challenges and objections will have to be presented during the remainder of the discovery period. Initially, the fees and expenses of the discovery master will assessed equally between the plaintiff and the defendants, but upon motion, the court may tax those fees and costs against the losing party or parties after trial, or against the losing party or parties with respect to any discovery-related motions that the Discovery Master is required to resolve.